UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-MJ-00021-SMM

UNITED STATES OF AMERICA,

v.

ARIEL ECHEVARRIA BORGES,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? **No.**

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   **No.**

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  **No.**

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   **No.**

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: _____
BREEZYE TELFAIR
Assistant United States Attorney
FL Bar No. 018055
United States Attorney's Office
101 S. US Hwy. One, Suite 3100
Fort Pierce, Florida 34950
Tel.: 772-293-0952
Email: Breezye.Telfair@usdoj.gov

FILED BY MB D.C.
Mar 3, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

AO 91 (Rev. 11/11) Criminal Complaint

AUSA Breezye Telfair

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>ARIEL ECHEVARRIA BORGES,<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)      25-MJ-00021-SMM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **February 19, 2025** in the county of **Saint Lucie** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 3146(a)(1) | Bail Jumping |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher J. Crotty, Deputy U.S. Marshal
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by videoconference.

Date: **March 3, 2025**

_____
*Judge's signature*

City and state: **Fort Pierce, Florida**

Shaniek Mills Maynard, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher J. Crotty, being duly sworn, do hereby depose and state as follows:

### INTRODUCTION

1. I am a Deputy United States Marshal with the United States Marshals Service ("USMS") and have been so employed since January 2002. I am currently assigned to the Southern District of Florida and Florida/Caribbean Regional Fugitive Task Force.

2. As an USMS Deputy Marshal, I am authorized under Title 28, United States Code, Section § 564, to enforce laws of the United States of America. I have conducted investigations of bond defaults and failure to appear violations.

3. This affidavit is submitted in support of a criminal complaint to charge Ariel ECHEVARRIA-BORGES with bail jumping, in violation of Title 18, United States Code, Section § 3146(a)(1). This affidavit is based upon my knowledge, record checks on public and law enforcement databases, as well as information provided to me by civilians and other law enforcement officers. This affidavit does not set forth every fact known to me regarding this investigation, but only those facts necessary to establish probable.

4. On May 6, 2024, a criminal complaint filed in the Southern District of Florida charged ECHEVARRIA-BORGES with violating Title 18, United States Code, Section 1708, that is Mail Theft.

5. On September 5, 2024, a federal grand jury returned an 8-count indictment, which charged ECHEVARRIA-BORGES with possession of fifteen (15) or more unauthorized access devices, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2; possession of stolen mail, in violation of Title 18, United States Code, Sections 1708 and 2; and six (6) counts of aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1). *See* ECF No. 19, *2024-CR-14039-AMC*.

6. On September 11, 2024, U.S. Magistrate Judge Shaniek Mills Maynard conducted a bond hearing and set a $100,000.00 corporate surety bond for ECHEVARRIA-BORGES. On September 18, 2024, the Court modified ECHEVARRIA-BORGES' corporate surety bond and set a $100,000.00 personal surety bond co-signed by ECHEVARRIA-BORGES' uncle. The modification allowed ECHEVARRIA-BORGES to be released with two (2) signatures and no collateral. As a condition of release, the Court ordered ECHEVARRIA-BORGES be supervised by the United States Probation Office (USPO), Pretrial Services. ECHEVARRIA-BORGES was further ordered to submit to GPS location monitoring. ECHEVARRIA-BORGES was released on bond on September 19, 2024. Prior to release, ECHEVARRIA-BORGES agreed to appear in Court as required, to report to pretrial services as directed, and to not change his address without prior notification and approval from USPO or the Court. Furthermore, ECHEVARRIA-BORGES signed and acknowledged the Court's Standard Conditions of Release, which warned ECHEVARRIA-BORGES that a separate criminal offense could be charged if ECHEVARRIA-BORGES failed to appear in Court as required. [*24-cr-14039-AMC*, ECF No. 32]

7. According to statements documented in the Petition for Action on Conditions of Pretrial Release, USPO pretrial release officer Jason Roberts last spoke with ECHEVARRIA-BORGES on January 6, 2025, when ECHEVARRIA-BORGES called to confirm that he would appear in court on January 7, 2025, in Fort Pierce, for a calendar call before United States District Court Judge Aileen M. Cannon. However, on January 6, 2025, the scheduled calendar call was removed from the court's docket and a notice of change of plea hearing was set for February 4, 2025.

8. On January 7, 2025, ECHEVARRIA-BORGES never appeared in U.S. District Court. The location monitoring device affixed to ECHEVARRIA-BORGES' ankle was cut and discarded in Southwest Miami-Dade County. Specially, on January 7, 2025, at approximately 3:18

p.m., Officer Roberts received notification that ECHEVARRIA-BORGES' location device was removed in the residential area near 921 SW 128th Court, in Miami, Miami-Dade, Florida. Officer Roberts interviewed the co-signer of the bond, Narciso Borges, who advised ECHEVARRIA-BORGES was no longer living with him at the residence the Court approved as a condition of release. Mr. Borges denied knowing any additional information concerning ECHEVARRIA-BORGES' whereabouts. ECHEVARRIA-BORGES last known telephone number (786) 768-8666 was no longer in service.

9. On January 8, 2025, the Honorable Judge Shaniek Mills Maynard signed a warrant for ECHEVARRIA-BORGES' arrest for Pretrial Services Violation. On February 19, 2025, ECHEVARRIA-BORGES failed to appear for a scheduled change of plea hearing, in Fort Pierce, before Judge Cannon. Judge Cannon issued a warrant for ECHEVARRIA-BORGES' arrest for failure to appear.

10. Between February 18, 2025, and February 19, 2025, USMS received information that led USMS to believe ECHEVARRIA-BORGES visited a residence in Houston, Texas, which is within the Southern District of Texas. On February 19, 2025, when USMS Deputy Marshals in the Southern District of Texas visited the residence, ECHEVARRIA-BORGES was observed inside the residence, sitting on a sofa. Immediately, ECHEVARRIA-BORGES stated he was Victim 1. A Florida drivers' license for Victim 1 was located on ECHEVARRIA-BORGES' person. Checks, which were fraudulently made payable to Victim 1 were also located on ECHEVARRIA-BORGES' person. Law enforcement had reason to believe that ECHEVARRIA-BORGES assumed Victim 1's identity because a recently issued traffic citation, which was issued in Louisiana, was also located on ECHEVARRIA-BORGES' person. The traffic citation was made out to Victim 1 with Victim 1's drivers' license number printed on the citation.

11. According to the male resident at the location where ECHEVARRIA-BORGES was encountered, the male resident had recently driven to Beaumont, Texas to pick-up ECHEVARRIA-BORGES after receiving a call from ECHEVARRIA-BORGES. After initially lying to law enforcement, ECHEVARRIA-BORGES ultimately admitted to his identity and USMS Deputy Marshals in the Southern District of Texas arrested ECHEVARRIA-BORGES. The arrest was captured on body worn cameras. ECHEVARRIA-BORGES made an initial appearance on the arrest warrants for violation of pretrial release conditions and failure to appear, in the Southern District of Texas, on February 20, 2025. ECHEVARRIA-BORGES waived removal proceedings and was remanded into the custody of USMS to be transported back to the Southern District of Florida.

12. Based upon the foregoing, I believe there is probable cause to believe that Ariel ECHEVARRIA-BORGES has committed the crime of bail jumping, in violation of Title 18, United States Code, Section § 3146(a)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Christopher J. Crotty, Deputy U.S. Marshal
United States Marshals Service

Subscribed and sworn to before me, by videoconference, in accordance with the requirements of Fed. R. Crim. P. 4.1, on this 3rd day of ~~February~~ March 2025.

SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE

4